IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| MARCELINE WHITE<br><br>*On behalf of herself individually and similarly situated persons.*<br><br>Plaintiff,<br><br>v.<br><br>NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING<br><br>&<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>Defendants. | CASE NO.: _____ |

## NOTICE OF REMOVAL

1.  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and Federal National Mortgage Association ("Fannie Mae"), by and through their undersigned counsel, hereby remove this action from the Circuit Court for Anne Arundel County, Maryland, Case No. C-02-CV-20-001060, to the United States District Court for the District of Maryland, Baltimore Division. This case is removable because complete diversity exists between the parties, and more than $75,000 is in controversy in this matter. S*ee* 28 U.S.C. § 1332. Removal is also appropriate based on federal question jurisdiction given that certain claims in the Amended Complaint arise under federal law. *See* 28 U.S.C. § 1331. With respect to federal question jurisdiction, supplemental jurisdiction exists as to the other state and common law claims because the claims are so related to the claims arising under

federal law that they form part of the same case or controversy. *See* 28 U.S.C. § 1367. This is in addition to the existence of diversity jurisdiction as to all causes of action.

## BACKGROUND

2.     On or about April 13, 2020, Plaintiff filed a 79-paragraph, two putative class, three-count Class Action Complaint.

3.     Fannie Mae was served with the Complaint on or about April 20, 2020 and Shellpoint was served with the complaint on or about April 22, 2020.

4.     Before the time to remove or to file a responsive pleading expired, Plaintiff filed an Amended Complaint on May 11, 2020 removing one of the three claims, removing one putative class, and adding in a putative subclass, among other amendments ("Amended Complaint" or "Am. Compl."). Copies of all pleadings, processes, and orders in the state court action are attached hereto as **Exhibits A-G.**

5.     Plaintiff has a mortgage loan in Maryland that has been, during part or all of the time between November 2019 and present, serviced by Shellpoint, and owned by Fannie Mae. Exh. B at ¶¶ 9(b), 10, 23.[1] Plaintiff alleges that, during this time, Defendants attempted or did collect certain fees in violation of both federal and Maryland law. *Id*. ¶¶ 2, 14, 30, 31, 32, 57. Plaintiff also alleges that Shellpoint failed to send certain required notices to Plaintiff in violation of federal law. *Id*. ¶¶ 13, 25, 27.

6.     Plaintiff asserts causes of action for (i) violations of Maryland's Consumer Debt Collections Act, Md. Code ("MCDCA"), Com Law §§ 14-201 *et seq.*, and Maryland's Consumer

---

[1] While paragraph 23 of the Amended Complaint states that Shellpoint became the loan servicer on November 23, 2020, Defendants believe the allegation contains a typo and intended to allege the date of servicing transfer as November 23, 2019.

Protection Act ("MCPA"), Md. Code, Com. Law §§ 13-101 *et seq.*; and (iii) declaratory relief. *Id.* at 19 and 22.

7. Plaintiff claims monetary damages for herself and the class including: "informational" injuries resulting in statutory damages (*id.* at ¶ 37); damages under the MCDA and MCPA in excess of $75,000 (*id.* at 2), and statutory attorneys' fees, litigation expenses, and costs (*id.*). Plaintiff also claims non-monetary damages including a declaration that the Defendants are not entitled to collect interests, costs, and fees with respect to the White Loan (*id.* at ¶ 25).

## GROUNDS FOR REMOVAL

**I.    Diversity Jurisdiction**

8. As alleged in the Complaint, Plaintiff is a citizen of Baltimore, Maryland.

9. NewRez, LLC, f/k/a New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing, is a Limited Liability Company organized and existing under the laws of the State of Delaware. A Limited Liability Company is deemed a citizen of the states where each of its members is a citizen. *See, e.g., Branhaven, LLC v. BeefTek, Inc.*, 965 F. Supp. 2d 650, 661 (D. Md. 2013). NewRez's sole member is Shellpoint Partners LLC. Shellpoint Partners LLC's members are NRM Acquisition LLC and NRM Acquisition LLC II. The sole member of these LLCs is New Residential Mortgage LLC. New Residential Mortgage LLC's sole member is New Residential Investment Corporation. Because New Residential Investment Corporation is organized under the laws of the State of Delaware, and has its principal place of business in New York, New York, it is a citizen of both Delaware and New York. 28 U.S.C. § 1332(c). Accordingly, Shellpoint is a citizen of Delaware and New York for the purposes of diversity jurisdiction.

10. By statute, Fannie Mae is treated as a citizen of the District of Columbia. *See* 12 U.S.C. § 1717(a)(2)(B).

11. Thus, complete diversity exists amongst the parties.

12. The amount in controversy requirement under 28 U.S.C. § 1332 is satisfied in this matter because the Complaint prays for monetary damages as follows: monetary relief under the MCDA and MCPA in excess of $75,000 (*id.* at 24); and statutory attorneys' fees, litigation expenses, and costs (*id.* at 24, 25).

13. The amount in controversy requirement under 28 U.S.C. § 1332 is also satisfied because Plaintiff also seeks a declaration that Defendants are precluded from collecting any interest, costs, fees, or other charges with respect to the White Loan. *Id.* at ¶ 70. The value of the object of this piece of this litigation, which is the amount of interest, costs, fees, and other charges that will be accrued over the life of the White Loan absent Plaintiff's requested declaratory relief, exceeds $75,000. Indeed, the amortization from the date of lawsuit filing through the maturity of White's loan reflects that future interest payments will total $102,736.02. Plaintiff explicitly seeks to preclude the collection of this amount, as well as other costs, fees, and other charges, and therefore places more than $75,000 in controversy. *Id*. at ¶ 70.

14. Thus, this Court is vested with diversity jurisdiction under 28 U.S.C. § 1332 because the elements of complete diversity and amount in controversy are met.

II. **Federal Question and Supplemental Jurisdiction**

15. This Court is vested with federal question jurisdiction in addition to and independent from the above-described diversity jurisdiction.

16. This Court is vested with federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint contains claims that are expressly predicated upon, and are entirely dependent on there being, violations of federal law. *See,* Exhibit B.

17. In particular, the Amended Complaint alleges that Shellpoint is required to provide certain disclosures under 12 C.F.R. § 1024.38(b)(1) and is not permitted to impose certain fees or

charges pursuant to 12 C.F.R. § 1024.35(b)(5); (*id.* at ¶ 13); and that Shellpoint failed to provide periodic statements as required by 15 U.S.C. § 1638(f) and 12 C.F. R. § 1026.41 (*id.* at ¶ 27).

18. The Amended Complaint also alleges that Shellpoint failed to provide certain notices required by 12 U.S.C. § 2605. *Id.* at ¶¶ 14, 25.

19. At the heart of Plaintiffs' allegations is that certain fees imposed upon Plaintiff and the purported class members were not disclosed and prohibited under 15 U.S.C. §§ 1638(f), 1692f(1). *Id.* at ¶ 30, 31(c).

20. Although Count I of the Amended Complaint is styled as a state law claim under the MCDCA and the MCPA, Count I expressly adopts the preceding paragraphs, which include the previously-recited federal allegations.

21. Plaintiff's MCDCA claim is predicated upon a violation of Md. Code, Com. Law § 14-202(11). That provision prohibits debt collectors from "[e]ngag[ing] in any conduct that violates §§ 804 through 812 of the federal Fair Debt Collection Practices Act." Thus, Plaintiff's MCDCA claim is simply an allegation that Defendants "have engaged in conduct which violates … 15 U.S.C. §§ 1692e, 1692f." Am. Compl. ¶ 57.

22. As for Plaintiff's MCPA violation, Plaintiff merely states that Defendant's "violations of MCDCA are also *per se* violations of the MCPA." *Id.* at ¶ 58. Thus, Plaintiff's MCDCA claim is also explicitly premised on a violation of federal law and the MCPA claim is premised on that same allegation.

23. Accordingly, the allegations arise under federal law because they necessarily and substantially depend on this court making a binding determination of whether there has been a violation of the federal Fair Debt Collections Practices Act and if so, so declaring in its judgment.

24. Thus, this Court is vested with federal question jurisdiction because causes of action in this civil action arise entirely under the laws of the United States. *See, e.g., Reynoso v. IndyMac Mortg. Services, FSB*, No. 12-cv-2108-RWT, 2013 WL 388990, at *3 (D. Md. Jan. 30, 2013) (holding that federal question jurisdiction is a proper basis for removal where the plaintiff's complaint alleged that the defendant violated RESPA); *Caro v. Bank of America, N.A.*, No. 5:14-CV-38, 2014 WL 2818672, at *2 (N.D. W.Va. June 23, 2014) (finding that removal to federal court was "substantively merited" where the plaintiff pleaded violations of RESPA and FDCPA).

25. Supplemental jurisdiction exists when the state and common law claims are "so related to [the federal] claims that they form part of the same case or controversy." 28 U.S.C. § 1367.

26. Here, Plaintiff's claims all relate to the same alleged fees, notices, and other actions taken by Defendants. In particular, the non-federal question claim set forth in Count Two of the Amended Complaint derives from the same common nucleus of mortgage servicing facts and allegations concerning Plaintiff's federal law claims, and does not predominate over the federal claims in this matter.

27. Thus, this Court is vested with federal question jurisdiction because this civil action arises under the laws of the United States, and the state and common law claims are so related to the federal claims that they form part of the same case or controversy and this Court is vested with original jurisdiction over the Amended Complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441 and 28 U.S.C. § 1367.

**III.   All procedural requirements for removal have been satisfied.**

28. Defendants have satisfied all procedural requirements of 28 U.S.C. §§ 1446 and 1453 and thereby jointly remove this action to the United States District Court for the District of Maryland, Baltimore Division.

29. <u>Removal Is Timely</u>. Under 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt . . . of the initial pleading . . . to file the notice of removal." Defendant Fannie Mae was initially served on April 20, 2020. Defendant Shellpoint was initially served on April 22, 2020. This Notice of Removal has been filed less than 30 days after that date for both removing defendants. Thus, this Notice is proper and timely filed.

30. <u>Removal to Proper Court.</u> This action is properly removed to the United States District Court for the District of Maryland, Baltimore Division, which "embrac[es] the place where such action is pending," which is the Circuit Court for Anne Arundel County, Maryland. 28 U.S.C. § 1441(a).

31. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

32. <u>Pleadings and Process.</u> As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendants is attached hereto as **Exhibit A** (Complaint, Line Request for Summons, State Court Information Report, and Line Entry of Appearance for Attorney Phillip R. Robinson); **Exhibit B** (Amended Complaint and accompanying exhibit comparison copy); **Exhibit C** (Writ of Summons to Shellpoint); **Exhibit D** (Writ of Summons to Fannie Mae); **Exhibit E** (Motion to Certify a Class and Subclass, Appoint Class Representatives and Class Counsel Pursuant to MD Rule 2-231; and exhibits thereto); **Exhibit G** (Affidavits of Service).

33. <u>Notice.</u> As required by 28 U.S.C. § 1446(d), the Defendants will promptly file a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached, with the clerk of the Circuit Court for Anne Arundel County, Maryland. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit F**.

34. If any question arises as to the propriety of the removal of this action, the Defendants request the opportunity to submit a brief and evidence and present oral argument in support of their position. *See Dart Cherokee Basin Operating Co., LLC, v. Owens*, 135 S. Ct. 547 (2014).

WHEREFORE, Defendants hereby remove this action to this Court and respectfully request that this Court assume full jurisdiction over this action as if Plaintiff had originally commenced this action with this Court and for such other relief as deemed necessary by this Court.

Dated: May 20, 2020            Respectfully submitted,

/s/ Andrew J. Narod
Andrew J. Narod (Federal Bar No. 29738)
Joshua Dhyani (Federal Bar No. 19929)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, N.W.
Suite 1350
Washington, DC 20036
P: (202) 719-8271
F: (202) 719-8371
anarod@bradley.com
jdhyani@bradley.com

*Counsel for Defendants NewRez, LLC, d/b/a Shellpoint Mortgage Servicing and Federal National Mortgage Association*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing to be served via electronic mail and U.S. Mail, postage prepaid, on this 20th day of May, 2020, on the following counsel of record:

>Phillip R. Robinson, Esq.
>Consumer Law Center, LLC
>8737 Colesville Rd., Ste. 308
>Silver Spring, MD 20910
>
>*Attorney for Plaintiff*

/s/ Andrew J. Narod
Andrew J. Narod (Federal Bar No. 29738)